IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Earnest E. Vaughn, Sr., ) | |
| ) | |
| ) | Civil Action No. 8:15-1993-TLW-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Abbeville County; ) | |
| Abbeville County Sheriff; ) | |
| Agent Ryan Abernathy, in both ) | |
| capacities; ) | |
| Brandon Scott, in both capacities, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil action filed by a detainee confined at a local detention center. In an order (doc. 6) filed in this case on May 15, 2015, the undersigned directed the plaintiff to bring this case into "proper form" by submitting an amended complaint listing the case number or the warrant number of the state court criminal case dismissed by the Solicitor, a motion for leave to proceed *in forma pauperis*, a summons, and Forms USM-285.

On May 27, 2015, the plaintiff submitted the needed documents, but did not provide a docket number for the dismissed state court charges. Therefore, in an order (doc. 12) filed in this case on May 28, 2015, the undersigned directed the plaintiff to answer Special Interrogatories. On June 22, 2015, the plaintiff filed his Answers to Court's Special Interrogatories (doc. 17).

The plaintiff is a pre-trial detainee at the Greenwood County Detention Center. In the above-captioned case, the plaintiff has brought suit against Abbeville County, the Abbeville County Sheriff, a drug enforcement agent employed by the Abbeville County

Sheriff's Department, and a South Carolina game warden (doc. 1 at 1; doc. 1-3 at 2) for gross negligence and violations of his Fourth Amendment, Fourteenth Amendment, and Eighth Amendment rights (doc. 1-3 at 2).  The plaintiff alleges that in August 2012 Ryan Abernathy, Brandon Scott, and others kicked in the doors of Mr. Barber's home without a search warrant and pointed guns at the plaintiff and Mr. Barber (*id*. at 3).  The plaintiff states the defendants claimed that they found items used to make methamphetamine inside Mr. Barber's home.  The plaintiff claims he was "only a guest" at the house, but was arrested and was charged with making methamphetamine and burning evidence.  He claims he spent 33 days in the Abbeville County Detention Center until he paid ten percent of a $45,000 bond.  The plaintiff requested a jury trial on all charges, and all charges were dismissed in February 2014 after the plaintiff wrote a letter to the Solicitor (*id*.)[*]  The plaintiff states he should not have been arrested and that "[t]his" violates Due process and denied the plaintiff equal protection of the law (*id*.).  He further claims that gross negligence was committed recklessly by the defendants (*id*. at 3–4).  The plaintiff states that Abbeville County and the Abbeville County Sheriff's Department failed to properly train their drug enforcement agents (*id*. at 4).  At the end of his amended complaint, the plaintiff states the dates he has listed may be "inaccurate," that he reserves the right to amend, and requests a jury trial (*id*.).  In his prayer for relief, the plaintiff seeks $250,000 in actual damages and $250,000 in punitive damages for mental anguish and emotional stress, and any other relief deemed just and proper by this court (*id*. at 5).

In his Answers to Court's Special Interrogatories, the plaintiff indicates that the docket numbers for the dismissed charges were "I-2010-GS-08 09 551" (manufacturing "meth"), "I-2010-GS-08 09 552" ("Altering Ephedrine"), and "I-2010-08 09 553" (destroying

---

[*]The plaintiff's Answers to Court's Special Interrogatories indicate that the charges were dismissed in February 2013 (doc. 17 at 1).

2

evidence by burning) (doc. 17 at 1).  The plaintiff indicates that these charges were dismissed and expunged in January 2013 (*id*.).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint (doc. 1) and amended complaint (doc. 1-3) pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (Westlaw 2015); 1975 S.C.Att'y.Gen'l.Op. No. 47, 1975 WL 29404 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2015), (providing that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff); *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees.").  Hence, Abbeville County is not responsible for actions taken by the Abbeville County Sheriff or any employees of the Abbeville County Sheriff's Department.  Moreover, Abbeville County has no control over the Solicitor's Office for the Eighth Judicial Circuit, which prosecuted the plaintiff but later dismissed the indictments. *Anders v. Cnty. Council for Richland Cnty.*, 325 S.E.2d 538, 539–40 (S.C. 1985).  Also, the Abbeville County Sheriff is immune from suit under the Eleventh Amendment. *Comer v.*

*Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Hence, the Abbeville County Sheriff and Abbeville County are subject to summary dismissal.

The plaintiff's original complaint, amended complaint, and Answers to Special Interrogatories reveal that the Abbeville County Grand Jury issued indictments on the three charges. A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983, *see Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (collecting cases), even though the indicted charges were eventually dismissed. Hence, the plaintiff's claims of malicious prosecution and false arrest are foreclosed by the three indictments.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), the plaintiff is not entitled to relief for mental anguish stress and emotional stress. *Merriweather v. Reynolds*, 586 F. Supp. 2d at 558–59 (collecting cases).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.


June 23, 2015                                              s/ Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).